UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MONTRELLE FENNIDY, ON BEHALF OF MINOR CHILD F.F.; TOYONITA PARQUET, ON BEHALF OF MINOR CHILD T.D.; GREGORY DAVIS, ON BEHALF OF MINOR CHILD T.D.; AND STEPHEN FENNIDY, SR., ON BEHALF OF MINOR CHILD F.F.;<br>*Plaintiffs*,<br><br>VERSUS<br><br>CHRIST THE KING PARISH SCHOOL, DAWN SWEAR CASTILLO, CHRIST THE KING ROMAN CATHOLIC CHURCH, INCORRECTLY NAMED AS CHRIST THE KING PARISH SCHOOL; AND ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS,<br>*Defendants*. | 19-CV-12032<br><br>JUDGE MARTIN L.C. FELDMAN<br><br>MAGISTRATE JUDGE<br>JANIS VAN MEERVELD |

**ORDER SCHEDULING SETTLEMENT CONFERENCE**

A settlement conference in the above matter is hereby scheduled for **Monday, December 2, 2019, at 9:00 a.m.,** before Magistrate Judge Janis van Meerveld, Room B-345, Hale Boggs Building, 500 Poydras Street, New Orleans, Louisiana. Please note that a photo ID is required to enter the building. PLEASE BE PUNCTUAL.

**The required settlement memoranda, more fully described below, are due no later than midnight on Monday, November 25, 2019.**

<u>**WHO MUST ATTEND?**</u>

Persons with ultimate settlement authority must be personally present or readily available by phone.

Participation of parties is likely to increase the efficiency and effectiveness of the settlement conference. **If the conference is being held within two months of the trial date, any party who resides or has a business address within 100 miles of the courthouse shall attend the conference in person with counsel.** A request to be exempt from this requirement should be submitted to the Court in writing no later than one week prior to the conference. Address your request to efile-vanmeerveld@laed.uscourts.gov. The email subject line should include your case number and "Request for non-appearance of a party."

1

Parties not appearing shall be available for the duration of the settlement conference.

Any counsel appearing without authority to negotiate, or without the ability to readily contact the person with full and ultimate settlement authority throughout the settlement conference, may be sanctioned.

## WHO ELSE SHOULD ATTEND?

Other people sometimes are key to settling the case. For example, the attendance of a spouse may be helpful. Consider whether any intervenors need to be present. Counsel assisting your client on related matters may need to be involved. At the very least, contact information should be available for them at the conference.

## WHAT MUST OCCUR PRIOR TO THE SETTLEMENT CONFERENCE?

***At least ten days prior to the conference, the plaintiff is to have made a settlement demand. No later than one week prior to the conference, the defendant is to have responded to that demand. Should the conference be set less than ten days out from this notice, the plaintiff must still make a settlement demand and the defendant must still respond prior to the conference.***

In addition, at least one week prior to the conference, plaintiff's counsel should circulate updated medical billing information, medical reports, economist reports, liability expert reports, vocational rehab reports, etc. to defense counsel. Remember that defense counsel are often reporting to clients, adjusters, and risk managers who need time to review and evaluate. This will help ensure defense counsel arrives with enough authority to settle the matter.

Defense counsel should allow enough time to speak to their decision makers about the information and authority, and should similarly provide any new documentation to plaintiff's counsel at least one week in advance of the conference. If the client/adjuster will not be present, get all office and cell phone numbers you may need to contact that person during the conference.

## WHAT MUST YOU SUBMIT IN ADVANCE?

Each party shall provide, **in confidence,** a concise settlement memorandum **no longer than five double spaced pages, using no smaller than a 12 point font, and which should not include attachments or exhibits unless under extraordinary circumstances.** The memorandum shall include a brief description of:
1. any liability disputes;
2. facts you believe you can prove at trial;
3. the damages at issue in the case;
4. the major weaknesses *in each side's case*, both factual and legal;
5. the history of settlement negotiations thus far;
6. the party's settlement position;
7. the major obstacle to settlement as you perceive it;
8. reference to any pending dispositive or other motions that would have a significant effect on settlement for the Court to review prior to settlement;

9. any other special issues that may have a material bearing upon settlement discussions (e.g. outstanding liens, particularly contentious litigation history, etc.); and
10. individuals you plan to bring to the settlement conference.

In setting forth your settlement position, do not just argue the merits of your case. For the Court and parties to be successful in the limited time provided for this settlement conference, you should provide the Court with a clear and candid understanding of your and your client's actual evaluation of the case and an idea of where you believe the case should settle.

The memorandum shall include the case number, case name, and should be emailed directly to: **efile-vanmeerveld@laed.uscourts.gov**. The email subject line should read: "**19-12032**-**December 2, 2019 - [*Plaintiff's/Defendant's*] Settlement Position Paper**." Do not mail hard copies of the settlement memorandum to chambers.

## COMMUNICATIONS WITH THE COURT PRIOR TO THE SETTLEMENT CONFERENCE.

You may be contacted by the Court to answer questions, clarify issues, discuss who is attending the settlement conference, and other preliminary matters designed to ensure the conference itself is productive. Similarly, counsel is invited to contact the Court to address any matters it believes need to be discussed in advance, including any request to conduct lengthy or high tech opening statements.

It is the duty of the plaintiff(s) to notify this Court if trial is continued or if the case is settled or otherwise disposed of prior to the date of the scheduled settlement conference, so that the matter may be removed from the Court's docket.

In the days immediately preceding the settlement conference, if either party believes that negotiation attempts would not be fruitful at the time set for the conference for any reason (for example, insufficient discovery, the need to wait on the resolution of a dispositive motion, or an inability to obtain any settlement authority from the client), that party should contact the Court as soon as possible to discuss the concern.

## HOW LONG WILL THE CONFERENCE LAST?

Settlement conferences conducted by this Court are generally scheduled for two to three hours and may be one of two such sessions in a given day. Consequently, lengthy opening sessions/statements typical of some private mediations will generally not be entertained by the Court unless permission is obtained in advance. Counsel for the parties are strongly encouraged to engage in preliminary discussions with an eye toward meaningfully narrowing their disputes before appearing for the Conference.

## PARKING.

It can delay the conference when participants need to go feed a parking meter. Please see the Court's website for resources in planning your parking strategy, and note that some parking options

can be extended remotely by downloading the app "parkmobile." *Please note: the Court does not endorse nor have any affiliation with any parking lots or parking services and assumes no responsibility when you use these services.*

    New Orleans, Louisiana, this   18th   day of September, 2019.

                                               Janis van Meerveld
                                      United States Magistrate Judge